**STATE of Tennessee, Appellee,**

v.

**Mike PRICE, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Sept. 12, 1991.

Permission to Appeal Denied by Supreme Court Feb. 24, 1992.

James Harvey Stutts, Asst. Public Defender, Sweetwater, for appellant.

Charles W. Burson, Atty. Gen., Clinton J. Morgan, Special Asst. Atty. Gen., Nashville, Jerry N. Estes, Dist. Atty. Gen., Greg Krog, Asst. Dist. Atty. Gen., Athens, for appellee.

OPINION

BYERS, Presiding Judge.

The appellant was convicted, in a jury trial, of aggravated assault. He received a sentence of six years.

On appeal, he raises three issues:

1. The evidence was insufficient to support the verdict.

2. It was error to permit testimony regarding a statement allegedly made by the appellant's brother.

3. The sentence was excessive.

The judgment is reversed and the case remanded to the trial court.

The victim was shot four times in the leg, hip and groin by the appellant. Immediately thereafter, the appellant left the apartment where the shooting occurred, told a bystander to call 911, and went to the McMinn County Sheriff's Department where he surrendered himself.

The appellant was transported to the Athens Police Department shortly thereafter. While en route, he told the police officer he had shot in self-defense. This officer's testimony and written statement were made part of the record.

The appellant testified in his own defense. He claimed to have shot because he thought the victim was reaching for a gun or knife. On cross-examination, he admitted his brother had talked to him at the Athens Police Department while he was being booked, but denied his brother told him to claim the shooting was done in self-defense.

■ In rebuttal, a police officer was permitted to testify that he overheard the brother advising the appellant to "tell them that the man had a gun and don't say another ... word until you talk to a lawyer."

■ This testimony was immaterial and should have been excluded. The appellant had made his claim of self-defense an hour before he saw his brother. There was no basis for admitting the brother's statement as proof that the appellant concocted his story. Furthermore, a third party's statement cannot be used, as it was here, to impeach the credibility of an accused without evidence that the third party was acting as the accused's agent or that the accused acquiesced to the statement.

■ The admission of this statement cannot be deemed harmless. The evidence in this case was primarily the testimony of the victim against the testimony of the accused. This attack on the appellant's credibility may easily have influenced the jury's decision to convict him.

In view of our action, we need not address issues one and three.

BIRCH, and HERSCHEL P. FRANKS, Special Judge, concur.